UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------X

ALJARMEEK MACK,

**AMENDED COMPLAINT**

Plaintiffs,

JURY TRIAL DEMANDED

-against-


THE CITY OF NEW YORK, a municipal corporation;
POLICE OFFICER ROSS GARNER, (Shield No. 21542),
in his individual and official capacities; LIEUTENANT
BARBARA A. FISCHER, in her individual and official
capacities; SERGEANT MICHAEL MILLER (Shield
No. 2951), in his individual and official capacities, and
POLICE OFFICER JOHN DOE, in his individual and
Official capacities,

Defendants.
-------------------------------------------------------------------------------------X

Plaintiff, Aljarmeek Mack, by his attorney, Moore Zeman Womble, LLP, allege for his

complaint against the defendants as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff, Aljarmeek Mack, brings this action for compensatory damages,

punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and by

the Fourth Amendment, Fifth Amendment, Equal Protection and Due Process Clauses of the

Fourteenth Amendment of the United States Constitution, and for rights secured under the laws

and Constitution of the State of New York. Plaintiff Mack also sues in traditional tort pursuant to

pendant state claims. Plaintiff was deprived of his constitutional and common law rights when the

individual defendants utilized excessive force, committed unwarranted and malicious assault and

battery on plaintiff, unlawfully confined plaintiff, and caused the unjustifiable arrests and

prosecution of plaintiff. Plaintiff seeks damages, compensatory and punitive, affirmative and

equitable relief, and award of costs and attorney's fees and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343, 1343(a)(3) and (4), and 1367(a) this being an action seeking redress for the violations of the Plaintiffs' constitutional and civil rights. The amount of damages in controversy is in excess of fifty thousand dollars ($50,000.00), exclusive of interests and costs.

4.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional or common law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same controversy.

## VENUE

5.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b)(2), in that this is the District in which the events or omissions underlying the claims arose.

## JURY DEMAND

6.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7.      The Plaintiff is an African-American male who was and is, at all relevant times a citizen of the City and State of New York.

8.     Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.     Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

10.     At all times hereinafter mentioned, the individually named defendants, Police Officer Ross Garner (Shield No. 21542), Lieutenant Barbara A. Fischer, Sergeant Michael Miller (Shield No. 2951), and Police Officer John Doe were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

14.     On August 5, 2015, at approximately 12:01 a.m., plaintiff Aljarmeek Mack was on a public sidewalk in the vicinity of Howard Avenue and Hancock Street, Brooklyn, New York heading to a corner store to get a juice.

15.     As captured by video surveillance. Mr. Mack entered the bodega, walking past

Defendant Lieutenant Barbara Fischer, and immediately went to the rear of the store where he found the juice he was looking for.

16.     Mr. Mack is then seen approaching the counter and engaging the salesperson in a conversation.

17.     Plaintiff Mack, who knows the salesperson at the bodega, asked the salesperson whether he could have the juice "on credit." The salesperson said this would be fine.

18.     Defendant Lieutenant Barbara Fischer is seen on the video surveillance watching Plaintiff Aljarmeek Mack as he speaks to the store employee.

19.     Plaintiff Mack is then seen exiting the bodega.

20.     As seen from the exterior video surveillance, Defendant Lieutenant Barbara Fischer then approaches Plaintiff Mack on the sidewalk and asks to see his identification.

21.     With his hands held up in a non-threatening manner, Plaintiff Mack then inquired why he was being arrested.

22.     Defendant Lieutenant Barbara Fischer failed to answer Plaintiff Mack and instead reached for him.

23.     Plaintiff Mack is then seen backing away from Defendant Lieutenant Barbara Fischer.

24.     Lieutenant is then seen returning into the bodega.

25.     At least two (2) other Defendant Police Officers, including defendant Michael Miller, are seen standing on the corner observing the interaction.

26.     After approximately fifteen (15) seconds, Defendant Lieutenant Barbara Fischer is seen barreling out of the bodega and shoving Plaintiff Mack in the center of his chest with both hands.

27.     After Defendant Lieutenant Barbara Fischer recklessly shoved Plaintiff Mack he backs into the bulkhead door that leads to the cellar of the bodega causing said door to slam shut.

28.     After he is shoved, Plaintiff Mack is seen further backing away from Defendant Lieutenant Barbara Fischer with his hands raised above his head.

29.      Defendant Fischer continued toward Plaintiff Mack in an aggressive manner, pointing her finger in his face and grabbing his shirt and his arm.

30.     Defendant Lieutenant Barbara Fischer is then seen punching Plaintiff Mack in the left side of his face with her right fist.

31.     Additionally, Defendant Lieutenant Barbara Fischer is seen kicking Plaintiff Mack repeatedly in his legs.

32.     At no time did Plaintiff Mack act in an aggressive manner.

33.     After a moment, Defendant Sergeant Michael Miller is then seen joining Defendant Lieutenant Barbara Fischer by grabbing Plaintiff Mack.

34.     After a moment, Defendant Sergeant Michael Miller is seen lowering his head, bracing his body, and driving his head and body into Plaintiff Mack's midsection, forcing him into the street.

35.     After another moment, Defendant Sergeant Michael Miller is seen lifting Plaintiff Mack into the air and slamming him, head-first onto the street.

36.     At this point, Defendant Police Officer Ross Garner and Defendant Lieutenant Barbara Fischer both forced their bodies on top of Plaintiff Mack.

37.     After another moment, Defendant Sergeant Michael Miller is seen tackling Plaintiff Mack in the middle of crosswalk in the middle of the street and both Defendant John Doe and Defendant Barbara Fischer are seen punching Mr. Mack in and around his body.

38.     Shortly thereafter an unmarked police car pulled into the intersection whereupon another Defendant Police Officer Ross Garner piled on top of Plaintiff Mack.

39.     One of Defendant police officers then took out handcuffs, grabbed Plaintiff Mack and placed the handcuffs on his wrists.

40.     At no point did Plaintiff Mack act in an aggressive manner, raise a fist at or struck any police officer.

41.     Plaintiff Mack was calling out for help but his pleas went unanswered.

42.     As a result of Defendant police officers' actions, Plaintiff Mack suffered serious physical pain, discomfort and physical injury, including a deep cut to the inside of his mouth.

43.     Plaintiff Mack was then thrown into the back of a marked police car and driven to the 81st Precinct.

44.     At the 81st Precinct Plaintiff Mack was stripped of all of his clothing except for his underwear and bloody t-shirt that he was still wearing.

45.     As Plaintiff Mack continued to bleed from his mouth he repeatedly asked for medical attention.

46.     After approximately two (2) hours Plaintiff Mack was transported to Woodhull Hospital where he was treated for his busted lip, pain to his head and neck, and abrasions to his left knee and wrist.

47.     The doctors at Woodhull Hospital closed up the wound to Plaintiff Mack's lip with stitches.

48.     Plaintiff Mack was then returned to the 81st Precinct where he was not informed of the charges against him.

49.     Plaintiff Mack was eventually transferred to Downtown Brooklyn's Central

Booking courthouse at 120 Schermerhorn Street, Brooklyn, New York.

50.     Mr. Mack, having had his lip busted open requiring stitches, and after being punched and kicked and body slammed by various members of the NYPD, was charged with Penal Law Section 120.05(3), Assault in the Second Degree; Penal Law Section 120.00(1), Assault in the Third Degree; Penal Law Section 205.30, Resisting Arrest; Penal Law Section 195.05, Obstructing Governmental Administration in the Second Degree; and Penal Law Section 240.26(1), Harassment in the Second Degree.

51.     At the arraignment, where Mr. Mack was falsely accused of having provoked the attack, bail was set.

52.     Upon bail being posted, Mr. Mack went back to Woodhull Hospital in Brooklyn where his injuries were further treated.

53.     On February 26, 2016, Brooklyn District Attorney's Office dismissed all criminal charges against Mr. Mack.

54.     As a result, Plaintiff Mack's criminal case was dismissed and sealed.

55.     Within ninety days after the claims alleged in this Complaint arose, a written notice of claim was served upon defendants at the New York City Law Department.

56.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

57.     Mr. Mack suffered severe damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, damage to his reputations, and deprivation of his constitutional rights.

## FEDERAL CLAIMS

### FIRST CAUSE OF ACTION
*42 U.S.C. §§1981 and 1983 –Deprivation of Rights*
(Against the Individual Officer Defendants)

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

60.     All of the aforementioned acts deprived plaintiff ALJARMEEK MACK, a member of a racial minority, of the rights, privileges and immunities guaranteed to the citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§1981 and 1983.

61.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race, gender or sexual orientation.

62.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

63.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64.     Defendants violated the Fourth and Fourteenth Amendments because they stopped

and detained plaintiff without reasonable suspicion.

65.     As a result, plaintiff ALJARMEEK MACK sustained the damages alleged herein.

## SECOND CAUSE OF ACTION
*42 U.S.C. § 1983 - Fourth and Fourteenth Amendment Violations for Unlawful Stop*
(Against the Individual Officer Defendants)

66.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendants violated the Fourth and Fourteenth Amendment because they stopped plaintiffs without reasonable suspicion.  Plaintiff Mack was unlawfully attacked, punched, tackled, kicked, stopped, and assaulted without probable cause or reasonable suspicion.

68.     As a result, Plaintiff Mack sustained the damages alleged herein.

69.     By virtue of the foregoing, the Defendant police officers deprived Plaintiff Mack of his Fourth Amendment rights under the United States Constitution to be free from unlawful stop and are liable to plaintiffs under 42 U.S.C. §1983.

## THIRD CAUSE OF ACTION
*42 U.S.C. § 1983 - Fourth and Fourteenth Amendment Violations for False Arrest*
(Against the Individual Officer Defendants)

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     As a result of Defendant police officers' aforementioned conduct, Plaintiff Mack was subjected to an illegal, improper, and false arrest by the defendants.  Plaintiff Mack was taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.  In the above-mentioned actions, Defendant police officers acted intentionally, willfully, with malice, and without probable cause, privilege or consent.

72.     Plaintiff Mack was conscious of his confinement.

73.     By virtue of the foregoing, the Defendant police officers deprived Plaintiff Mack of his Fourth Amendment rights under the United States Constitution to be free from false arrest and are liable to plaintiff under 42 U.S.C. §1983.

## FOURTH CAUSE OF ACTION
*42 U.S.C. § 1983 - Fourth Amendment Violation for Excessive Force*
(Against the Individual Officer Defendants)

74.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     While in the course of their duties and while acting under color of law, Defendant police officers affected a seizure and arrest of Plaintiff Mack by intentionally using excessive physical force against him, including but not limited to striking Plaintiff Mack repeatedly about his head and body with fists and feet, body slamming Plaintiff Mack into the ground and piling on top of him, and shoving him into the street and tackling him.

76.     The physical force the Defendant police officers used on Plaintiff Mack was objectively unreasonable and wholly unnecessary.

77.     The Defendant police officers use of excessive physical force caused injuries, including but not limited to, severe pain to the plaintiff's head and body, bruising to his face and body, and a cut and abrasion to the inside of his mouth requiring sutures to close.

78.     By virtue of the foregoing, the Defendant police officers deprived Plaintiff Mack of his Fourth Amendment rights under the United States Constitution to be free from excessive force and are liable to plaintiff under 42 U.S.C. §1983.

## FIFTH CAUSE OF ACTION
*42 U.S.C. § 1983 - Fourth Amendment Violations for Failure to Intervene*
(Against the Individual Officer Defendants)

79.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     Defendant police officers who did not participate in Plaintiff Mack's arrest, but observed the unlawful actions alleged herein, had an opportunity to prevent such conduct, and failed to intervene.

81.     By virtue of the foregoing, the Defendant police officers deprived Plaintiff Mack of his Fourth Amendment rights under the United States Constitution to be free from unreasonable seizure and excessive force are liable to plaintiff under 42 U.S.C. §1983.

### SIXTH CAUSE OF ACTION
*42 U.S.C. § 1983- Fifth Amendment Violation of Due Process*
(Against Defendant City)

82.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     While in the course of their duties and while acting under color of law, Defendant Officers violated Plaintiff Mack's guaranteed right of due process under the Fifth Amendment of the United States Constitution when they falsely arrested, detained and searched Plaintiff Mack as described herein.

84.     During all times relevant to this action, the New York City Police Department developed and maintained customs and practices exhibiting deliberate indifference to the constitutional rights of people in the City of New York. These customs and practices caused the violation of Plaintiff Mack's due process rights.

85.     As a direct and proximate result of this unlawful conduct, Plaintiff Mack sustained the damages herein alleged.

## SEVENTH CAUSE OF ACTION
Municipal Liability
(Against Defendant City under 42 U.S.C. §1983)

86.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     The widely held assumption is that civil rights lawsuits deter police misconduct. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161, (1992) citing Carey v. Piphus, 435 U.S. 247, 254-257, (1978). "As far as we know, civil liability is an effective deterrent [to civil rights violations], as we have assumed it is in other contexts." See Hudson v. Michigan 547 U.S. 586, 598 (2006) citing Correctional Services Corp. v. Malesko, 534 U.S. 61, 70 (2001) and Nix v. Williams, 467 U.S. 431, 446, (1984). "It is almost axiomatic that the threat of damages has a deterrent effect (citation omitted) surely particularly so when the individual official faces personal financial liability." Carlson v. Green, 446 U.S. 14, 21, (1980), citing Imbler v. Pachtman, 424 U.S. 409, 442, and footnote 6 (1976).

88.     However, the City of New York has insulated NYPD officers like Lieutenant Barbara Fischer, Police Officer Ross Garner, and Police Officers John Doe #1-3 from accountability for civil rights lawsuits by indemnifying officers who violate the constitutional rights of citizens, and, as a result, is preventing civil rights lawsuits from having any deterrent value to the City, the NYPD or its officers.  Civil rights lawsuits against police officers have no impact on the officers' careers, regardless of the expense to the City of the officers' lawsuit liability, even after multiple lawsuits.

89.     Nevertheless, the City has repeatedly resisted attempts to catalog even basic information gleaned from civil rights lawsuits that could improve training, leadership, supervision, and discipline in the NYPD.  The City's deliberate indifference towards the contents of civil rights litigation, individual officers repeatedly named in lawsuits, incidents repeatedly occurring in the same division, and patterns of misconduct that arise in civil rights litigation has caused the constitutional violations of excessive force and false arrest suffered by plaintiffs.

90.     Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct or to calculate the total liability of an individual officer or of a precinct.  Without this notification, improper search and seizure practices and incredible testimony go uncorrected, problematic supervision or leadership at the precinct level goes ignored, and repeated misconduct by individual officers goes unaccounted for.  Even occasional judicial findings that officers have testified incredibly are not reported routinely to the police department or any oversight agencies.

91.     All of the aforementioned has created a climate where police officers and detectives lie to prosecutors and in police paperwork and charging instruments, and testify falsely, with no fear of reprisal.  "Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration-through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department-there is some evidence of an attitude among officers that is sufficiently

widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged." See Colon v. City of New York, et al, 2009 WL 4263362 (E.D.N.Y.) (Weinstein, J.).

92.     In Floyd v. City of New York, 08-cv-01034-SAS-HBP, Judge Scheindlin found that the City acted with "deliberate indifference toward the NYPD's practice of making unconstitutional stops and conducting unconstitutional frisks" and adopted "a policy of indirect racial profiling by targeting racially defined groups for stops based on local crime suspect data." (Opinion and Order, dated August 12, 2013, P.13).

93.     The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights.  Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiffs' civil rights, without fear of reprisal.

94.     Plaintiff has been damaged as a result of the deliberate indifference of the Defendant City and deprived of federal protected rights, including, but not limited to, the right:

       a.   Not to be deprived of liberty without due process of law;

       b.   To be free from false arrest;

       c.   To be free from excessive force;

       d.   To be free from malicious abuse of process;

       e.   To be free from retaliation for the exercise of free expression;

       f.   To be free from failure to intervene.

95.     The foregoing acts and conduct of defendants were a direct and proximate cause of injury and damage to plaintiffs and violated the common law rights guaranteed to them by the Constitution of the United States of America.

**EIGHTH CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. §1983)

96.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff ALJARMEEK MACK under 42 U.S.C. §1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

98.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

99.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

**NINTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. §1983)

100.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.    Defendants arrested Plaintiff Mack and chose to process and prosecute Mr. Mack in Brooklyn Criminal Court for the collateral objective of covering up their acts of brutality and abuse of authority during the arrest of the Plaintiff.

102.    Defendants thereby caused Plaintiff Mack to be deprived of his right to be free from

malicious abuse of process.

## **Supplemental State Law Claims**

103.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    Within ninety (90) days after the claim herein accrued, plaintiff ALJARMEEK MACK duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

105.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

106.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

107.    Plaintiffs have complied with all conditions precedent to maintaining the instant action.

108.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## **TENTH CAUSE OF ACTION**
### Respondeat Superior
### (Against the City of New York)

109.    Plaintiff repeats, reiterates, and realleges paragraphs "1" through "108" as if fully set forth herein.

110.    The Individual Defendant police officers were employees of the City of New York at the time of the incidents alleged herein and each was acting at all relevant times within the scope of his or her employment with the City.

111.    The City is therefore vicariously liable for the tortious acts as described and alleged herein of the Individual Defendant police officers under the common law doctrine of respondeat superior.

112.    As a result of the foregoing, Plaintiff Aljarmeek Mack is entitled to compensatory damages in an amount to be determined by a jury and are further entitled to punitive damages against the individual defendants in an amount to be determined by a jury.

### ELEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

113.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.    As a result of the foregoing, plaintiff ALJARMEEK MACK was placed in apprehension of imminent harmful and offensive bodily harm.

115.    As a result of defendants' conduct, plaintiff AJARMEEK MACK has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### TWELFTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

116.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    Defendants made offensive contact with plaintiff ALJARMEEK MACK without privilege or consent.

118.    As a result of defendants' conduct, plaintiff ALJARMEEK MACK has suffered

physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## THIRTEENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

119.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.   Having taken custody of plaintiff MACK, who was helpless to adequately aid or protect himself, defendants assumed a duty to assure his well-being during custody. Defendants breached that duty.

121.   The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

122.   The aforementioned conduct was committed by the defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

123.   As a result of the aforementioned conduct, plaintiff MACK was injured.

## FOURTEENTH CAUSE OF ACTION
(False Arrest/False Imprisonment under the laws of the State of New York)

124.   Plaintiff repeat, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.   Defendants arrested and/or imprisoned plaintiff ALJARMEEK MACK without probable cause, privilege or any other justification.

126.   Plaintiff was detained or otherwise imprisoned due to the defendants' unlawful conduct, and plaintiff ALJARMEEK MACK was subjected to physical restraints.

127.    As a result of the aforementioned conduct, plaintiff ALJARMEEK MACK was unlawfully imprisoned in violation of the laws of the State of New York.

128.    As a result of the aforementioned conduct, plaintiff ALJARMEEK MACK was injured.

## FIFTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of the State of New York)

129.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "128" with the same force and effect as if fully set forth herein.

130.    Plaintiff ALJARMEEK MACK was arrested and prosecuted in Brooklyn Criminal Court for the collateral objective of covering up the defendants' acts of brutality and abuse of authority.

131.    As a result of the foregoing, plaintiff ALJARMEEK MACK is entitled to compensatory damages in an amount fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursement of this action.

## SIXTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

132.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

133.    By their conduct, as described herein, defendants are liable to plaintiff ALJARMEEK MACK for having committed malicious prosecution under the laws of the State of New York.

134.   Defendants maliciously commenced a criminal proceeding against plaintiff ALJARMEEK MACK, charging him with Assault in the Second Degree, Assault in the Third Degree, Resisting Arrest, Obstructing Governmental Administration in the Second Degree, and Harassment in the Second Degree. Defendants falsely and without probable cause charged plaintiff ALJARMEEK MACK with violations of the laws of the State of New York.

135.   The commencement and continuation of the criminal proceedings against plaintiff ALJARMEEK MACK was malicious and without probable cause.

136.   All charges against plaintiff ALJARMEEK MACK were dismissed.

137.   Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff ALJARMEEK MACK. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

138.   As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff ALJARMEEK MACK sustained the damages alleged herein.

## SEVENTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

139.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "138" with the same force and effect as if fully set forth herein.

140.   Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in screening, hiring and retention of the aforesaid defendants who conducted and participated in the wrongful conduct described herein.

141.   Defendant CITY OF NEW YORK knew, or should have known in the exercise of

reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## EIGHTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

142.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "141" with the same force and effect as if fully set forth herein.

143.    Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in training and supervision of the aforesaid defendants who conducted and participated in the wrongful conduct described herein.

## NINETEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

144.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "143" with the same force and effect as if fully set forth herein.

145.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## TWENTIETH CAUSE OF ACTION
(Bias-Based Profiling under the laws of the City of New York)

146.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "145" with the same force and effect as if fully set forth herein.

147.    In initiating law enforcement action against Mr. Mack based on his actual and/or perceived race and color, rather than Mr. Mack's behavior or other information linking him to suspected unlawful activity the defendant officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

148.    Accordingly, plaintiff is entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

149.    As a result of the foregoing, plaintiff ALJARMEEK MACK is entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE,** plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a.      Full and fair compensatory damages in an amount to be determined by a jury;

b.      Punitive damages in an amount to be determined by a jury;

c.      Costs, interest and attorney's fees, pursuant to 42 U.S.C. §1988; and

d.      Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.


Dated: New York, New York
      June 21, 2016                 By:    Benjamin Zeman


Benjamin Zeman
Attorney for Plaintiff
Moore Zeman Womble, LLP
66 Willoughby St.
Brooklyn, New York 11201
(T) (718) 514-9100
(F) (917) 210-3700
zeman@brooklynattorney.nyc